UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLOS U.C.,

     Petitioner,

     v.

WARDEN OF THE CALIFORNIA CITY
DETENTION FACILITY, et al.,

     Respondents.

No. 2:26-cv-00156-TLN-JDP

**ORDER**

This matter is before the Court on Petitioner Carlos U.C.'s ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 10.)  For the reasons set forth below, the Court GRANTS Petitioner's Petition and DENIES the pending Motion to Proceed In Forma Pauperis (ECF No. 12) as moot.

///

///

///

///

///

///

///

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises from Petitioner's allegedly unlawful detention.  (*See* ECF No. 10.)  Petitioner entered the United States without inspection on September 26, 2023, near Eagle Pass, Texas.  (ECF No. 13-1 at 4.)  Petitioner was then encountered by Border Patrol agents in the Del Rio Sector area.  (*Id.* at 3.)  On September 27, 2023, the United States Customs and Border Protection ("CBP") detained Petitioner, issued him a Notice to Appear ("NTA"), and released him on his own recognizance with "reporting instructions for the nearest ICE/ERO office."  (*Id.* at 4.)  On October 23, 2025, Petitioner was detained when he appeared for a required check-in appointment.  (ECF No. 1 at 1.)

On January 20, 2026, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus, challenging the lawfulness of his civil detention and seeking release.  (ECF No. 1.)  On January 22, 2026, the Court issued an Order construing the Petition as a motion for temporary restraining order ("TRO") and appointing counsel for Petitioner.  (ECF No. 3.)  On January 30, 2026, the Court granted Petitioner's motion for TRO and ordered Respondents to show cause why the Petition should not be granted.  (ECF No. 9.)  On February 4, 2026, after the appointment of counsel, Petitioner filed an Amended Petition for Writ of Habeas Corpus.  (ECF No. 10.)  On February 6, 2026, Respondents filed a response to the order to show cause and motion to dismiss the Petition.  (ECF No. 13.)  Petitioner did not file a reply.  The Court now considers the Petition on its merits.

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    ANALYSIS

Petitioner claims his detention without a bond hearing violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a) ("§ 1226(a)").[1]  (*See* ECF No. 10.)  In response, Respondents contend Petitioner is an "applicant for admission" who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").  (ECF No. 7 at 1.)

Under the INA, § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the Government has broad discretion whether to release or detain the individual.  *Id.*  Further, § 1226(a) provides several layers of review for an initial custody determination.  *Id.*  It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.  Conversely, § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.

Until the U.S. Department of Homeland Security changed its policy in July 2025, the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

Most courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2) to persons like Petitioner who reside in the United

---

[1]    Petitioner also claims Respondents failure to provide a bond hearing violates the *Maldonado Bautista* court order declaring members of the Bond Eligible Class are entitled to a hearing under § 1226(a). *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713982, at *7 (C.D. Cal. Dec. 18, 2025).  Since the Petition and Response were filed, the Ninth Circuit limited application of the class in *Maldonado Bautista* to the Central District of California and stayed its application to all other potential class members. *See Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026).  Nonetheless, finding relief warranted under Petitioner's statutory claim, the Court need not assess Petitioner's class member status.

States.  *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position and collecting cases).  "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country."  *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

For these reasons and consistent with this Court's numerous prior rulings, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2).  Rather, Petitioner's detention was governed by § 1226(a) and he was entitled to the process required by that provision including, at minimum, a bond hearing.  Yet, Respondents have not provided any hearing to Petitioner either pre- or post-detention.  The Court accordingly finds Respondents violated Petitioner's statutory rights under the INA.

**IV.    CONCLUSION**

Accordingly, the Court GRANTS the Amended Petition for Writ of Habeas Corpus (ECF No. 10) and DENIES the pending Motion to Proceed In Forma Pauperis (ECF No. 12) as moot.[2]  Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably

---

[2]    Petitioner also sought an award of attorney's fees and costs under the Equal Access to Justice Act.  (ECF No. 10 at 7.)  The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

foreseeable future; or (b) Respondents demonstrate by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: April 15, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE